FILED'03 MAY 16 10:35USDC-ORM

Jon P. Stride, OSB No. 90388
David S. Aman, OSB No. 96210
TONKON TORP LLP
1600 Pioneer Tower
888 SW Fifth Avenue
Portland, OR  97204-2099
Telephone:      (503) 802-2034 (d.d. Stride)
Facsimile:      (503) 972-3734 (Stride)
Telephone:      (503) 802-2053 (d.d. Aman)
Facsimile:      (503) 972-3753 (Aman)
E-Mail:         jons@tonkon.com (Stride)
E-Mail:         davida@tonkon.com (Aman)

Attorneys for Plaintiff Oregon Brewing Company

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF OREGON

Medford Division

**OREGON BREWING COMPANY,**

**PLAINTIFF,**

v.

**FORIS VINEYARDS WINERY,**

**DEFENDANT.**

Civil No. 03-3043-CO

**COMPLAINT**
**Trademark Infringement and Unfair Competition**

*JURY TRIAL DEMANDED*

Plaintiff Oregon Brewing Company ("Plaintiff") hereby alleges as follows:

### PARTIES

1.      Plaintiff is a corporation duly organized and existing under the laws of the State of Oregon, with its principal place of business located in Newport, Oregon.

2.      Defendant Foris Vineyards Winery is a corporation duly authorized and existing under the laws of the State of Oregon, with its principal place of business located in Cave Junction, Oregon.

Page 1 – COMPLAINT- Trademark Infringement and Unfair Competition

Rec # 802018

## JURISDICTION AND VENUE

3.      This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and (b) because it involves claims arising under the Lanham Act of 1946, 15 U.S.C. §§ 1051, et seq. This Court also has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in this judicial district under 28 U.S.C. § 1391.

## NATURE OF THE CASE

5.       This is an action for trademark infringement and unfair competition under state and federal law.  Plaintiff is the owner of the federally-registered trademark ROGUE for wine, which Plaintiff licenses to Valley View Winery, Inc., an Oregon corporation ("Valley View").  Defendant has begun using the name "Rogue Reserve" to promote the sale of its wine, in violation of Plaintiff's rights in the ROGUE mark.  Plaintiff brings this action to enjoin Defendant from marketing and selling its wine using the name "Rogue Reserve" or any other name that is confusingly similar to the ROGUE mark.  Plaintiff also seeks damages and attorney fees for Defendant's acts of infringement and for unfair competition.

## COMMON FACTUAL ALLEGATIONS

6.      Since in or around 1983, Valley View has continuously used the ROGUE mark to promote the sale of its wine in Oregon and Washington and throughout the United States.  In November 1990, Valley View obtained a United States Trademark Registration for ROGUE for wine, U.S. Trademark Registration No. 1,625,132 (the "Registration").  The Registration has become incontestable pursuant to Sections 15 and 33(b) of the Lanham Act, 15 U.S.C. §§ 1065 and 1115(b).

7.      In August 1997, Valley View assigned to Plaintiff all of its right, title and interest in the ROGUE mark, including its rights in the Registration as well as all related

goodwill.  Plaintiff is currently the owner of the ROGUE mark and the Registration.

8.    Since August 1997, Plaintiff has licensed Valley View to use the ROGUE

mark in connection with wine.  Valley View has sold and continues to sell thousands of dollars

worth of wine under the ROGUE mark throughout the United States, and has promoted and

continues to promote the ROGUE mark through its advertising and the sale of its wine.

9.    As a result of Valley View's significant use and promotion of the ROGUE

mark, the mark has acquired a distinctiveness and secondary meaning among consumers in

Oregon and Washington.  Through the continuous use by Plaintiff's licensee, Valley View,

Plaintiff now owns valuable goodwill in the ROGUE mark.

10.    Since approximately February 2002, Defendant has been marketing and

selling wine in Oregon and in interstate commerce using the name "Rogue Reserve".  Defendant

is using the name "Rogue Reserve" in its advertising, as well as on the labels for wine that it

sells.

11.    By virtue of the Registration, Defendant was put on constructive notice of

Plaintiff's rights in the ROGUE mark prior to Defendant's use of the name "Rogue Reserve."

Plaintiff also gave Defendant actual notice of Plaintiff's rights prior to instituting this suit.

12.    Defendant has refused to cease using the name "Rogue Reserve", despite

Plaintiff's demands that it do so.

### FIRST CLAIM FOR RELIEF

### (Violation of the Lanham Act- 15 U.S.C. § 1114(1))

13.    Plaintiff realleges and incorporates by reference paragraphs 1 through 12

of the Complaint, above.

14.     Defendant's use of the name "Rogue Reserve" to promote and sell wine is likely to cause confusion, mistake or deception in that persons are likely to believe that the wine Defendant markets and sells using the name "Rogue Reserve" is in some way legitimately connected with, sponsored, approved or endorsed by Plaintiff and/or its licensee.  Defendant's use of the name "Rogue Reserve" violates Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

15.     Plaintiff has been and will continue to be irreparably harmed by Defendant's acts of infringement.  Plaintiff is entitled to a preliminary and permanent injunction prohibiting Defendant and all persons acting in concert with it from further acts of infringement.

16.     Plaintiff is entitled to recover damages it has sustained and will continue to sustain, and obtain the benefit or profit that Defendant has derived by its unlawful actions.  In the alternative, Plaintiff is entitled to a reasonable royalty on all sales of products made by Defendant using the name "Rogue Reserve."  Defendant's actions are willful, entitling Plaintiff to an award of treble damages.

17.     This is an exceptional case for purposes of 15 U.S.C. § 1117(a), warranting the award of attorneys' fees to Plaintiff.

## SECOND CLAIM FOR RELIEF

### (Violation of the Lanham Act- 15 U.S.C. § 1125(a))

18.     Plaintiff realleges and incorporates by reference paragraphs 1 through 17 of the Complaint, above.

19.     As a result of Plaintiff's and/or its licensee's use and promotion of the ROGUE mark for wine, the mark has enjoyed considerable goodwill and secondary meaning as associated with Plaintiff and/or its licensee.

20.     Defendant's use of the name "Rogue Reserve" to market and sell its wine

Page 4 – COMPLAINT- Trademark Infringement and Unfair Competition

tends to falsely represent that Defendant is legitimately connected with Plaintiff and/or its licensee. It is also likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff and/or its licensee, or as to the origin, sponsorship, or approval of Defendant's business by Plaintiff and/or its licensee. Defendant's use of the name "Rogue Reserve" violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

21.    Plaintiff has been and will continue to be irreparably harmed by Defendant's wrongful use of the name "Rogue Reserve." Plaintiff is entitled to a preliminary and permanent injunction prohibiting Defendant and all persons acting in concert with it from further use of the name "Rogue Reserve."

22.    Plaintiff is entitled to recover damages it has sustained and will continue to sustain, and obtain the benefit or profit that Defendant has derived by its unlawful actions. In the alternative, Plaintiff is entitled to a reasonable royalty on all sales of products made by Defendant using the name "Rogue Reserve." Defendant's actions are willful, entitling Plaintiff to an award of treble damages.

23.    This is an exceptional case for purposes of 15 U.S.C. § 1117(a), warranting the award of attorneys' fees to Plaintiff.

## THIRD CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

24.    Plaintiff realleges and incorporates by reference paragraphs 1 through 23 of the Complaint, above.

25.    Defendant has infringed the ROGUE mark, in violation of Plaintiff's common law trademark rights.

26.     Plaintiff has been and will continue to be irreparably harmed by Defendant's wrongful acts of infringement.  Plaintiff is entitled to a preliminary and permanent injunction prohibiting Defendant and all persons acting in concert with it from further acts of infringement.

27.     Plaintiff is entitled to recover damages it has sustained and will continue to sustain, and obtain the benefit or profit that Defendant has derived by its unlawful actions.  In the alternative, Plaintiff is entitled to a reasonable royalty on all sales of products made by Defendant using the name "Rogue Reserve."

### FOURTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

28.     Plaintiff realleges and incorporates by reference paragraphs 1 through 27 of the Complaint, above.

29.     Defendant's conduct as alleged above constitutes common law unfair competition.

30.     Plaintiff has been and will continue to be irreparably harmed by Defendant's wrongful acts of unfair competition.  Plaintiff is entitled to a preliminary and permanent injunction prohibiting Defendant and all persons acting in concert with it from further acts of unfair competition.

31.     Plaintiff is entitled to recover damages it has sustained and will continue to sustain, and obtain the benefit or profit that Defendant has derived by its unlawful actions.  In the alternative, Plaintiff is entitled to a reasonable royalty on all sales of products made by Defendant using the name "Rogue Reserve."

## FIFTH CLAIM FOR RELIEF

### (Violation of Oregon Anti-Dilution Statute - ORS 647.107)

32.    Plaintiff realleges and incorporates by reference paragraphs 1 through 31 of the Complaint, above.

33.    The ROGUE mark has acquired a distinctiveness and secondary meaning among Oregon consumers signifying Plaintiff and/or its licensee.

34.    Defendant's use of the name "Rogue Reserve" has caused and/or is likely to cause dilution of the distinctive quality of the ROGUE mark by lessening the capacity of the mark to identify and distinguish goods or services, in violation of ORS 647.107.

35.    Plaintiff has been and will continue to be irreparably harmed by Defendant's violation of ORS 647.107.  Plaintiff is entitled to a preliminary and permanent injunction prohibiting Defendant and all persons acting in concert with it from further use of the name "Rogue Reserve."

WHEREFORE, Plaintiff prays that judgment be entered in its favor and against Defendant as follows:

A.    Permanently and/or preliminarily enjoining Defendant and all others in active concert or participation with Defendant from:

(i)    selling, offering for sale, advertising, or promoting any wine products using the name "Rogue Reserve" or any other name that is confusingly similar to the ROGUE mark;

(ii)    filing or in any way prosecuting an application for federal or state

Page 7 – COMPLAINT- Trademark Infringement and Unfair Competition

trademark, service mark, or tradename registration for any mark or tradename for "Rogue Reserve" for wine, or for any mark or tradename confusingly similar to the ROGUE mark;

        (iii)    doing any other act or thing that is likely to induce the belief that Defendant's wine is in some way connected with Plaintiff or its licensee, or that is likely to diminish the distinctiveness of the ROGUE mark;

      B.    Ordering Plaintiff to destroy any and all advertising, brochures, labels, packages, and all other material in its possession or under its control which contains the term "Rogue Reserve";

      C.    Ordering Defendant to account for and pay over to Plaintiff all profits derived by Defendant from the use of the "Rogue Reserve" name;

      D.    Awarding Plaintiff actual damages caused by Defendant's infringement, along with treble damages pursuant to 15 U.S.C. § 1117;

      E.    Awarding Plaintiff the cost of this action, reasonable attorneys' fees and disbursements;

      F.    Awarding Plaintiff prejudgment interest on any and all damages awarded to it; and

      G.    Granting such other and further relief as the Court finds just and/or equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury.

DATED this _15th_ day of May, 2003.

TONKON TORP LLP

By _____

Jon P. Stride, OSB No. 90388
David S. Aman, OSB No. 96210
Direct Dial Telephone: 503-802-2034
Attorneys for Plaintiff

097204\00001\513444 V001

Page 9 – COMPLAINT- Trademark Infringement and Unfair Competition